PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 600A
White Plains, NY 10601
(914) 946-2889

**HEARING DATE & TIME:**
NOVEMBER 23, 2010 at 10:00 AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re                                                                    :
                                                                              :    CHAPTER 11
RICHARDS CONDITIONING CORP.,          :
                                                                              :    Chapter 11 Case No.: 09-22525 (RDD)
                               Debtor.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RICHARDS CONDITIONING CORP.,          :
                                                                              :
                                                                              :
                               Plaintiff,                   :    Adv. Pro. No.: 10-08408 (RDD)
       v.                                                            :
                                                                              :
LAWRENCE P. HOPWOOD,                             :
                                                                              :
                               Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**NOTICE OF HEARING ON PLAINTIFF'S MOTION
FOR ENTRY OF A DEFAULT JUDGMENT**

**PLEASE TAKE NOTICE**, that a hearing on the motion of **RICHARDS CONDITIONING CORP.** for entry of a default judgment against **LAWRENCE P. HOPWOOD**, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Courtroom, on the first floor of the Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New

York 10601on the 23rd day of November 2010 at 10:00 a.m.

**PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the application must be made in writing, comply with the Bankruptcy Rules and Local Rules of this Court, be filed with the Clerk of the Bankruptcy Court and delivered to the Chambers of the Honorable Robert D. Drain, at the address set forth above, and served upon the undersigned so that it is received not later than seven (7) days prior to the return date.

Dated: White Plains, New York
      October 30, 2010

                                                **PENACHIO MALARA LLP**

                                                Anne Penachio
                                                Anne Penachio
                                                Counsel to the Debtor
                                                235 Main Street - Suite 600A
                                                White Plains, NY 10601
                                                (914) 946-2889

PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 600A
White Plains, NY 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------X
In re                                :
                                     :   CHAPTER 11
RICHARDS CONDITIONING CORP.,         :
                                     :   Chapter 11 Case No.: 09-22525 (RDD)
                        Debtor.      :
------------------------------------X

RICHARDS CONDITIONING CORP.,         :
                                     :
                        Plaintiff,   :   Adv. Pro. No.: 10-08408 (RDD)
        v.                           :
                                     :
LAWRENCE P. HOPWOOD,                 :
                                     :
                        Defendant.   :
------------------------------------X

### THE PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

**RICHARDS CONDITIONING CORP.**, the above-referenced debtor and plaintiff herein (the "Debtor" or the "Plaintiff"), by and through its attorney, **PENACHIO MALARA LLP**, brings

1

the within motion for a default judgment against **LAWRENCE P. HOPWOOD,** (the "Defendant") in the above-captioned adversary proceeding (the "Adversary Proceeding") and respectfully sets forth as follows:

## THE PLAINTIFFS BANKRUPTCY BACKGROUND

1. The Plaintiff filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about April 7, 2009, and the case was referred to the Bankruptcy Judge herein and this case was assigned to the Bankruptcy Judge herein.

2. The Debtor is engaged primarily in the business of installing and servicing heating, ventilation, and air conditioning systems for private and public customers in new, existing and renovated buildings.

3. Since the filing, the Debtor has remained in possession and control of its business and property under Sections 1107 and 1108 of the Bankruptcy Code.

4. No Committee of Creditors or Trustee has been appointed. The Court appointed Jake Renick as an Examiner, <u>inter alia</u>, to investigate and report on several issues including potential avoidance actions against insiders. Mr. Renick's investigation as set forth in his report filed as ECF # 270 forms the basis of the Adversary Proceeding. A copy of the report is annexed hereto as <u>Exhibit A</u>.

5. The Defendant is an individual who resides in Bronxville, New York.

6. The Defendant is a shareholder of the Debtor, holding 20% of the common stock.

7. From or about 1977 to 2008, the Defendant was employed by the Debtor, holding various senior management positions.

2

8. On March 11, 2008, the Defendant resigned as both an officer and employee of the Debtor.

## THE ADVERSARY PROCEEDING

9. In the Adversary Proceeding, a copy of which is annexed hereto as <u>Exhibit B</u>, the Debtor seeks recovery from the Defendant for amounts paid to him after his resignation and within 2 years of the Debtor's Chapter 11 filing aggregating $357,000.00 together with benefits aggregating $37,369.12 under 11 U.S.C. § 548 and NY Debtor and Creditor Law.

10. The Debtor also seeks recovery for payments aggregating $16,69.00 and $5,931.40 made respectively to Lexus Financial Services and USA Bank for vehicles which the Defendant used personally during the two year period prior to its Chapter 11 filing under 11 U.S.C. § 548 and NY Debtor and Creditor Law and legal fees in the amount of $3,144.70 plus $252.20 in costs.

11. On August 23, 2010, the summons and complaint in the Adversary Proceeding were served by First Class mail upon the Defendant and the law firm Reich, Reich & Reich which represented him in other matters. (ECF # 3).

12. The Defendant failed to interpose an answer.

13. In late September 2010, I submitted an affidavit required under the Local Rule 7055-1. I also forwarded a letter to the Deputy Clerk of the Court requesting entry of the default. (ECF # 5).

14. In or about early-October 2010, I was contacted by telephone by Kevin Roach, an attorney based in New Jersey. Mr. Roach indicated, in sum and substance that he was considering representing the Defendant. I agreed to adjourn the pre-trial conference which was scheduled for

3

October 8, 2010 to November 23, 2010, a date which I cleared with the Court as a return date for the instant motion. (ECF # 6).

15. On or about October 8, 2010, I forwarded to Mr. Roach a copy of the Examiner's report upon which the Adversary Proceeding is based.

16. The Clerk has entered a Certificate of Default, a copy of which is annexed hereto as Exhibit C. (ECF # 7)

17. I have not received any further communications from the Defendant, Mr. Roach or anyone else acting on the Defendant's behalf.

## A DEFAULT JUDGMENT SHOULD BE ENTERED

18. Rule 55 of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, provides "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." It further provides that in all other cases, the party must apply to the court for a default judgment. FRCP 55.

19. Local Rule 7055-2 requires the Court to enter the default where, as here, attorneys fees are sought. In this case, I am seeking an award of $2,892.50 plus expenses of $252.20. See Exhibit D.

20. In addition, given the fact that the undersigned was contacted by an attorney considering representing the Defendant, it is submitted that it is appropriate to seek the entry of a default on motion with notice.

4

21. It is submitted that the entry of a default is appropriate in this case. The Defendant, who was afforded appropriate notice of the Adversary Proceeding, failed to interpose an answer. Given the Examiner's Report, it is extremely unlikely that Defendant has a meritorious defense to the causes of action asserted in the Adversary Proceeding.

22. A proposed judgment is annexed hereto as <u>Exhibit E</u>.

## NOTICE AND WAIVER OF MEMORANDUM OF LAW

23. Notice of this application will be served on the Defendant, Kevin Roach, and the Office of the United States Trustee. An affidavit of service will be duly filed with the Court.

24. No previous application for the relief sought herein was sought from this, or any other Court.

25. Because the facts and circumstances set forth herein do not present novel issues of fact or law, it is respectfully requested that the Court waive the requirement of filing a memorandum of law imposed by the Local Bankruptcy Rules.

5

**WHEREFORE**, it is respectfully requested that the relief requested be granted, that a default judgment be entered and that this Court grant such other and further relief as it deems appropriate.

Dated: White Plains, New York
October 30, 2010

                                                                                                     **PENACHIO MALARA LLP**
                                                                                                          /s/ Anne Penachio
BY:_____
      Anne Penachio, Esq.
      Counsel for the Debtor
      235 Main Street - Suite 600
      White Plains, NY 10601
      (914) 946-2889

PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 600A
White Plains, NY 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                             :
                                                  :    CHAPTER 11
RICHARDS CONDITIONING CORP.,                      :
                                                  :    Chapter 11 Case No.: 09-22525 (RDD)
                            Debtor.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RICHARDS CONDITIONING CORP.,                      :
                                                  :
                                                  :
                            Plaintiff,            :    Adv. Pro. No.: 10-08408 (RDD)
        v.                                        :
                                                  :
                                                  :
LAWRENCE P. HOPWOOD,                              :
                                                  :
                            Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFAULT JUDGMENT

**WHEREAS**, certificate of default was entered against **LAWRENCE HOPWOOD**

the defendant herein (the "Defendant") on October 25, 2010 by the Clerk of this Court;

1

NOW THEREFORE, upon the application of **RICHARDS CONDITIONING CORP.** the plaintiff herein (the "Plaintiff"), dated October 30, 2010, by and through its counsel, **PENACHIO MALARA LLP**, a judgment is entered against the Defendant and in favor of the Plaintiff; and

**IT IS ORDERED, ADJUDGED** and **DECREED** that the relief requested by Plaintiff in its First Cause of Action is granted; and it is further

**ORDERED, ADJUDGED** and **DECREED** that the relief requested by Plaintiff in its Second Cause of Action is granted; and it is further

**ORDERED, ADJUDGED** and **DECREED** that the relief requested by Plaintiff in its Third Cause of Action is granted; and it is further

**ORDERED, ADJUDGED** and **DECREED** that the relief requested by Plaintiff in its Fourth Cause of Action is granted; and it is further

**ORDERED, ADJUDGED** and **DECREED** that judgment against the Defendant is hereby granted in favor of Plaintiff in the amount of $429,705.02 plus attorneys fees in favor of **PENACHIO MALAARA LLP** in the amount of $3,144.70.

Dated: White Plains, New York
November __, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

2