KEVIN G. ROE
425 SUMMIT AVENUE
HACKENSACK, NEW JERSEY 07601
(201) 489-6777

HEARING DATE & TIME:
NOVEMBER 23, 2010 at 10:00 am

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---

In re

RICHARDS CONDITIONING CORP.,
*Debtor.*

CHAPTER 11

Chapter 11 Case No.: 09-22525(RDD)

---

RICHARDS CONDITIONING CORP., INC.,
*Plaintiff,*

v.

LAWRENCE P. HOPWOOD,
*Defendant.*

10 - 8408

OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

---

**KEVIN G. ROE**, affirms under penalty of perjury that:

1. I am the attorney for defendant in the above matter and make this affirmation in opposition to the motion of the Plaintiff for entry of a default judgment against Defendant, Lawrence Hopwood, returnable November 23, 2010 at 10:00 a.m.

2. This matter involves an adversary proceeding commenced by members of the debtor corporation who have maintained ownership and control of said corporation since on or about March 2008. Debtor corporation was a family business owned and operated by the parents of defendant for over 30 years.

3. In or March 2008, Defendant offered to buy out the interests of his brothers, Martin Hopwood Jr. and Richard J. Hopwood, who rejected said offer and instead entered into an agreement to buy out the interests of Defendant. The brothers had been in control of the business

management of the debtor corporation while Defendant, Lawrence Hopwood, performed the mechanical work in the field.

4. Pursuant to the terms of the agreement, which was entered into by Martin Hopwood Jr. and Richard J. Hopwood, with full knowledge of the operating expenses and debt structure of the debtor corporation, Defendant Lawrence Hopwood received payments reserved thereunder from March 11, 2008 through March 3, 2009.

5. All sums received by defendant, Lawrence Hopwood, were the result of an arms length buyout agreement negotiated by the brothers who had full knowledge and control of the financial status of the debtor corporation. The financial problems of the debtor corporation arose following defendant's departure from the company and came as a result of mismanagement and excessive draws by the remaining principals unrelated to any misconduct or misappropriation on defendant's part.

6. Contrary to the allegations set forth in the Complaint, Defendant acted at all times in good faith with regard to his fiduciary obligations while employed by the debtor corporation and negotiated a buyout of his interests in said corporation with his brothers who were in possession and control of the company's records at the time the agreement was reached. Defendant has meritorious defenses and wishes to file an Answer and assert cross-claims, counter-claims and affirmative defenses.

**WHEREFORE**, it is respectfully requested that this Court deny Plaintiff's Motion to enter a default judgment and grant defendant leave to appear and file responsive pleadings.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Hackensack, New Jersey
November 15, 2010

_____
KEVIN G. ROE
Counsel for Defendant
425 Summit Avenue
Hackensack, New Jersey 07601
(201) 489-6777