PENACHIO MALARA, LLP
Anne Penachio, Esq
235 Main Street, Suite 600A
White Plains, NY 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------------------------------X
In Re :
: CHAPTER 11
RICHARDS CONDITIONING CORP. :
: Chapter 11 Case No.: 09-22525 (RDD)
:
Debtor :
------------------------------------------------------------X
RICHARDS CONDITIONING CORP., INC., :

Plaintiff, : Adv. Pro. No.: 10-08408(rdd)
:
:
LAWRENCE P. HOPWOOD, :

Defendant :
------------------------------------------------------------X

STATE OF NEW YORK )
: ss:
COUNTY OF WESTCHESTER )

## DECLARATION OF RICHARD J. HOPWOOD IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGEMENT

**RICHARD J. HOPWOOD** declares and states:

1. I am an individual residing at 12 Westwood Drive, Harrison New York 10528. I am currently the Vice President of Debtor Conditioning Corp. (hereinafter referred to as "Debtor")

the Plaintiff in the above mentioned action. I have personal knowledge of the facts alleged in this matter and I submit this affidavit in opposition to the defendants opposition to Plaintiff's motion for a default judgement. The following statement is made on my own free will.

2. Debtor is a family owned business which is owned by myself, Lawrence Hopwood, Martin Hopwood, Jr. , Loretta Hopwood (deceased) and Martin M. Hopwood, Sr.

3. The adversary proceedings was not commenced by members of the Debtor Corporation. The adversary proceeding was commenced by Debtor as Trustee of Debtors assets because of the report prepared by the Examiner appointed by the Bankruptcy Court. .

4. I either personally or as a shareholder of Debtor never entered into an agreement to buy or sell shares of Debtor's stock, at any time, with anybody. Defendant was in much greater control of the business management of Debtor then myself, and Defendant was not just a worker in the field.

5. I did not enter into any agreement with Defendant concerning the Debtor. I did not have full knowledge of the operating expenses and debt structure of Debtor.

6. I never entered into a "arms-length buy-out agreement", or any type of agreement with Defendant concerning a buyout of his Debtor stock. I did not have control of the financial status of Debtor at anytime. The financial problems of the Debtor arose years before Defendant quit. Defendant was very much aware of these problems while working at Debtor. In particular,

Defendant often cited Debtors's financial problems as a reason why he refused to loan to Debtor any of his personal money while, I loaned personal money several times while Defendant worked for Debtor.

7. Defendant's "Draw" was significantly larger than my "draw" both while he worked at Debtor and after he worked at Debtor.

8. Defendant never negotiated a buyout of his interest with me at any time. At no time was Defendant denied access to any company records by me.

9. I have read the plaintiff's motion papers and supporting documents and as stated more fully herein, I dispute the statements.

10. I have read the above statement and it is true and accurate to the best of my knowledge and recollection.

RICHARD J. HOPWOOD

11-19-10