| | |
|---|---|
| PENACHIO MALARA LLP | HEARING DATE and TIME: |
| Counsel for the Debtor | NOVEMBER 23, 2010 at 10:00 AM |
| 235 Main Street-Suite 600A | |
| White Plains, NY 10601 | |
| (914) 946-2889 | |

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
In re: : CHAPTER 11
:
RICHARDS CONDITIONING CORP., : CASE NO.: 10-22507(RDD)
:
Debtor. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RICHARDS CONDITIONING CORP., :

                       Plaintiff, : Adv. Pro No.: 10-08408(RDD)

     v. :

LAWRENCE P. HOPWOOD, :

                      Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DEBTOR'S REPLY TO THE OPPOSITION OF LAWRENCE P. HOPWWOD TO ITS
<u>MOTION FOR ENTRY OF A DEFAULT JUDGMENT</u>**

     **RICHARS CONDITIONING CORP.,** the above-referenced debtor and plaintiff herein

(the "Debtor" or the "Plaintiff"), by and through its attorney, **PENACHIO MALRA, LLP**

submits this reply to the opposition of **LAWRENCE P. HOPWOOD** ("Hopwood" or the

"Defendant") to the entry of a default judgment and respectfully sets forth as follows:

1

## BACKGROUND

1. The Debtor commenced this action (the "Action") on or about August 20, 2010.

2. In the Action, the Debtor seeks recovery from former officer Lawrence Hopwood, the defendant (the "Defendant") of amounts paid to him or on his behalf pre-petition as preferences and fraudulent conveyances pursuant to Section 547 and 548 of the Bankruptcy Code.

3. The Action is based upon information contained in the report filed by the Court Examiner.

4. To date, the Defendant has failed to file an Answer, even though he was served with the Summons and Complaint three (3) months ago as set forth in the motion. The Defendant has failed to set forth any reason whatsoever for his failure to answer.

5. Kevin Roe, counsel for the Defendant, contacted the undersigned in or about early October 2010. On or about October 8, 2010, Mr. Roe was supplied with a copy of the Examiner's report upon which the Debtor is relying. During the brief telephone conversation, Plaintiff's counsel expressed concern that the Defendant would seek to dissipate assets (such as homes in Litchfield, Connecticut, Pennsylvannia, Bronxville, New York and Big Sky, Montana which, upon information and belief, are being marketed for sale). Counsel advised Mr. Roe that a motion for entry of a default would be forthcoming. Notwithstanding, Defendant failed to file an Answer or seek additional time.

6. The Defendant has no meritorious defenses to the causes of action asserted in the Complaint for avoidance of preferential transfers and fraudulent conveyances.

7. This is a simple case. The Defendant received voidable transfers from the Debtor pre-petition. The transfers were the subject of an Examiner's Report. The Action is not based

upon personal issues or family strife, as suggested by the Defendant. As set forth more fully below, the Defendant has no viable defenses.

**<u>The Defendant has not Met its Burden Under FRCP 55</u>**

8. Federal Rule of Civil Procedure 55, which is specifically applicable to this proceeding by Bankruptcy Rule 7055, governs the procedural steps for obtaining and vacating an entry of a default judgment and provides, in pertinent part, that [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules…the clerk shall enter the party's default." Following entry of default upon the plaintiff's request, a defendant may seek to set aside the entry of default pursuant to Rule 55(c). If a Rule 55 (c) motion is not made or is unsuccessful, and if no hearing is necessary to determine damages, a default judgment may be entered by the court or by the clerk. Id. at 276. Under Rule 55 (c), the court may set aside an entry of default "[f]or good cause shown." Fed R. Civ. P. 55(c).

9. As the Second Circuit has explained, "[b]ecause Rule 55(c) does not define the term "good cause" we have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Enron Oil Corp. v. Diakuhara* 10 F. 3d 90, 96 (2d Cir. 1993) (citations omitted). Specifically, the factors to be considered in deciding whether to relieve a party of a default under Rule 55(c) are the following: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.; accord Comm. Bank of Kuwait v. Rafadin Bank,* 15 F.3d 238, 243 (2d Cir. 1994). The Court is also permitted to consider relevant equitable factors, including whether failure to appear "was a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result" "*Brown v. Gabbidon*,

No. 06-CV-8148 (HB), 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007) (quoting *Enron Oil Corp.*, 10 F.3d at 96).

10. The Second Circuit also has noted that "[a]lthough the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment…because the concepts of finality and litigation are more deeply implicated in the latter action." *Enron Oil Corp.*, 10 F.3d at 96 (citation omitted).

11. In the instant case, the Defendant has entirely failed to demonstrate the criteria articulated by the Second Court and should not be relieved of the default.

## **Defendant's Failure was Willful**

12. This Court has held that a "default is willful when a defendant simply ignores a complaint without action." *Todtman, Nachamie, Spizz & Johns, P.C. v. Asharf,* 241 F.R.D. 451, 454 (S.D.N.Y. 2007) and has rejected "unconvincing" explanations for the failure to respond. *Id.*

13. In *New York v. Green,* 420 F.3d 99, 108 (2nd Cir. 2005), the Second Circuit affirmed a default where, as here, the defendant's failure to file an answer was "part of an overall plan to delay the proceedings."

14. In the instant case, the Defendant utterly fails to proffer any plausible reason whatsoever for his failure to interpose an answer. As such, his failure to file an answer is clearly "willfull." The Defendant knew that he had been named in an action and his counsel contacted the undersigned who warned him that a default motion was forthcoming (due to the fear that assets would be dissipated by Defendant).[1] Nevertheless, the Defendant failed to file an answer

---

[1] Defendant's response to this concern was, in sum and substance, that a title company would not permit a sale of real property when an action was pending. This may or may not be true as counsel has no experience with title companies in Montana and Pennsylvania. Assuming *arguendo* that Defendant's

4

or otherwise move affirmatively.

15. Based upon the foregoing, it is clear that the Defendant's failure to file an answer was willful.

## **Lack of Meritorious Defense**

16. The Defendant has failed to demonstrate a meritorious defense to the Action on both a legal and factual level.

17. The Defendant has not denied that he received the funds which are the subject of the Action. Rather, the Defendant seems to suggest that the payments should not be avoided because he acted in good faith pursuant to a "buy out" agreement.

18. Factually, the allegations raised by the Defendant are refuted by the assertions contained in the declarations of Martin M. Hopwood, Jr. and Richard Hopwood filed as ECF #s 11 and 12.

19. Legally, the allegations fail because neither "good faith' nor the existence of a "buy out' agreement are viable defenses to a an action to avoid a preferential transfer or a fraudulent conveyance under Sections 547 and 548.

20. Moreover, it should be noted that the Defendant failed to file a claim prior to the bar date fixed by the Court. As such, he is precluded from asserting counterclaims or seeking "set off" absent relief of the Court. Given the Defendant's failure to file a claim, any argument that he has viable counter-claims should be disregarded.

## **Prejudice to the Debtor**

21. The Plaintiff and its creditors have already been prejudiced by the Defendant's delay.

---

statement is correct, nothing would prevent the Defendant from conveying property by quit claim deed outside of the supervision of a title company.

22. The Plaintiff needs the funds which it seeks in the Action to satisfy its creditors.

23. Moreover, the Plaintiff is concerned that Defendant will dissipate assets.

**Equity Supports the Entry of a Default Judgment**

24. In balancing the hardships, the scale tips in favor of the Plaintiff, a debtor who is in the processes of formulating a Chapter 11 plan. Any funds recovered from the Defendant will ultimately inure to the benefit of the Debtor's creditors.

25. Under the facts at bar, it would be unfair for the Court to permit the Defendant to file a belated answer. The Defendant sat on his rights for approximately 3 months and has no valid defenses to the Action.

**PROPOSED RELIEF**

26. Judgment, in the form substantially similar to the judgment annexed to the Debtor's Motion as Exhibit E, should be entered by the Court. The proposed judgment amount is $429,705.02 plus $3,144.70 in counsel fees.

27. It is submitted that the recovery sought in the Action is simple and can be readily determined from the Examiner's report and documents which are not subject to any reasonable dispute. There is no need for an inquest.

28. In the event that the Court requires an inquest, it is respectfully requested that it consider the damages on submission rather than by evidentiary hearing.

## **CONCLUSION**

29.     For the reasons set forth herein a default judgment against the Defendant should be entered in the form annexed to the Debtor's motion as Exhibit E the amount of $429,705.02 plus $3,144.70 in counsel fees.

Dated: White Plains, NY
       November 21, 2010

Respectfully submitted,

PENACHIO MALARA, LLP

/s/ Anne Penachio

Anne Penachio
Counsel for the Debtor and Plaintiff
235 Main Street
White Plains, NY 10601
(914) 946-2889