PENACHIO MALARA LLP
Counsel for the Debtor
235 Main Street-Suite 600A
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------X
:
In re: : CHAPTER 11
:
RICHARDS CONDITIONING CORP., : CASE NO.: 10-22507(RDD)
:
        Debtor. :
:
------------------------------------X

RICHARDS CONDITIONING CORP., :
:
        Plaintiff, : Adv. Pro No.: 10-08408(RDD)
:
v. :
:
LAWRENCE P. HOPWOOD, :
:
        Defendants. :
------------------------------------X

**THE AFFIRMATION OF RICHARD HOPWOOD IN OPPOSITION TO THE APPLICATION OF LAWRENCE P. HOPWWOD FOR RELIEF FROM THE ENTRY OF A DEFAULT JUDGMENT**

**RICHARD HOPWOOD**, hereby affirm, under penalties of perjury, as follows:

1. I am vice president of **RICHARDS CONDITIONING CORP.**, the above-referenced debtor and plaintiff herein (the "Debtor" or the "Plaintiff"). I submit this affirmation to supplement my affidavit dated November 19, 2010 (ECF # 12), in further support of the entry

of a default judgment against Defendant Lawrence P. Hopwood (the "Defendant") and in opposition to the entry of Defendant's motion to vacate the Default. I have personal knowledge of the pertinent facts and circumstances.

2. Contrary to the Defendant's assertions, there was never an agreement to purchase the Defendant's stock in the Debtor. Although there were discussions, no agreement was ever reached. Simply stated, no agreement exists. The Debtor received no consideration for the transfers in issue made to the Defendant. The Defendant remains a shareholder of the Debtor.

3. After Defendant resigned as an employee and officer of the Debtor, he continued to receive a salary. Initially, I thought that the Debtor would continue to pay the Defendant for a limited time to enable him to get on his feet and find another job. Payments continued. My brother Martin and I were concerned that Defendant would be vindictive if his income was reduced.

4. I dispute the Defendant's references to business operations and his attempts to discredit me and my brother, Martin. The Defendant's attempts to insult me and my brother and his attacks on our business acumen and work ethic are not only false but irrelevant to the instant proceeding. Likewise, Matt Kolb's assertions regarding the Debtor's operations and finances are irrelevant. Although I deny the allegations it would no purpose to set forth detailed facts at this point.

5. The Defendant's excuses for not filing a timely answer should be disregarded. At this juncture, they are irrelevant. Moreover, Defendant's description of his financial plight are made to garner the Court's sympathy. The Defendant owns at least four luxury

homes in Bronxville, New York, Big Sky Montana, Pennsylvania, amd Litchfield, Connecticut.

6. In conclusion, the Court should deny the Debtor's motion and enter a default against him. He has no meritorious defenses to the causes of action.

Dated: December 10, 2010

/s Richard Hopwood
_____
Richard Hopwood