PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 600A
White Plains, NY 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

----------------------------------X
In re                             :
                                  :  CHAPTER 11
RICHARDS CONDITIONING CORP.,      :
                                  :  Chapter 11 Case No.: 09-22525 (RDD)
                       Debtor.    :
----------------------------------X

RICHARDS CONDITIONING CORP., INC., :
                                   :
                                   :
                       Plaintiff,  :  Adv. Pro. No.: 10-08408 (RDD)
     v.                            :
                                   :
                                   :
LAWRENCE P. HOPWOOD,               :
                                   :
                       Defendant.  :
----------------------------------X

## AMENDED COMPLAINT

**RICHARDS CONDITIONING CORP.**, the above-referenced debtor and plaintiff herein (the "Debtor" or the "Plaintiff"), by and through its attorney, **PENACHIO MALARA LLP**, brings this action against **LAWRENCE P. HOPWOOD** (the "Defendant" or "Hopwood") and respectfully represents as follows:

1

## THE PARTIES

### The Debtor

1. The Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code with the Clerk of this Court on April 6, 2010.

2. Since the filing, the Debtor has continue the management of its business as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors or other statutory committee and no trustee has been appointed in this case. Jake Renick was appointed as an examiner (the "Examiner") to, inter alia, review potential avoidance claims against insiders as that term is defined in Section 101 of the Bankruptcy Code.

4. The Debtor is engaged primarily in the business of installing and servicing heating, ventilation and air conditioning systems for residential, industrial, and commercial public and private customers in new, existing and renovated buildings. The Debtor also provides 24-hour equipment service and support to certain commercial customers.

5. For many years prior to its Chapter 11 filing, including the period from April 7, 2007 to April 6, 2009, the Debtor was insolvent.

6. For many years prior to its Chapter 11 filing, including the period from April 7, 2007 to April 6, 2009, the property remaining with the Debtor was an unreasonably small capital.

### The Defendant

7. The Defendant is an individual who resides in Bronxville, New York.

8. The Defendant is a shareholder of the Debtor holding 20% of the common stock.

9. During the period from or about 1995 to 2008, the Defendant served as the Debtor's president.

10. During the period from or about 1977 to 2008, the Defendant was employed by the Debtor, holding a senior management position.

## JURISDICTION AND VENUE

11. Jurisdiction of this Bankruptcy Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 157(a) and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States Bankruptcy Court for the Southern District of New York (Ward, Acting ' C.J.) dated July 10, 1984.

12. This complaint is brought, inter alia, under Sections 105, 541, 542, 544, 547, 548, 550, and 551 of Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and the general equitable powers of the Bankruptcy Court. It is also brought under New York Debtor Creditor Law §§ 273, 278, and 279, NY Business Corporation Law §§ 513 and 514, and NY General Obligations Law 5-701. This complaint is also brought under Rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure and applicable Local Rules promulgated for this jurisdiction. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F). Venue of this action is proper in the Bankruptcy Court in this District pursuant to 28 U.S.C. § 1409(a).

## FACTS

### Background

13. The Defendant is one of three sons of Loretta and Martin M. Hopwood, Sr., the founders of the Debtor.

14. The Defendant is a shareholder of the Debtor, holding 35 % of the stock.

15. For many years, the Defendant was an officer and employee of the Debtor serving in a senior position.

16. On March 11, 2008, the Defendant resigned as both and officer and employee of the Debtor.

## The Transfers

### Salary and Benefits Post-Resignation

17. Subsequent to his resignation from the Debtor through March 9, 2009, during the two year period prior to the filing of the Debtor's Chapter 11 petition, the Defendant continued to receive a weekly salary of $6,500.00 plus $500.00 in out-of-pocket expenses for a total of $357,000.00.

18. In addition, subsequent to the Defendant's resignation March 9, 2009, during the two year period prior to the filing of the Debtor's Chapter 11 petition, the Debtor paid on Defendant's behalf $12,775.50 in FICA benefits and $37,369.12 in benefits to Local 38 of the Sheet Metal Workers Union ("Local 38").

19. The Defendant did not render any services to or for the benefit of the Debtor during the period from March 11, 2008.

20. The aforementioned transfers were made at times where the Debtor was insolvent or was engaged in business for which the property remaining with Debtor was an unreasonably small capital.

21. The aforementioned transfers were made at times where the Debtor's stock had

4

no value.

22. The Debtor did not receive any consideration for the aforementioned transfers made to Defendant.

23. The aforementioned transfers were made during the one-year period prior to the Debtor's Chapter 11 filing on April 6, 2009.

**<u>Payments for Personal Vehicles</u>**

24. During the period from April 7, 2007 through March 2009, during the two year period prior to the filing of the Debtor's Chapter 11 petition the Defendant had exclusive use of a Lexus automobile (the "Lexus") which was leased from Lexus Financial Services. The Defendant and/or members of his immediate family used the Lexus personally and not in connection with his employment with the Debtor. During the period from April 7, 2007 through March 2009, the Debtor made payments aggregating $16,629.00 to Lexus Financial Services for the Lexus. The Debtor received no benefit in consideration for the aforementioned payments made to Lexus Financial Services.

25. During the period from April 7, 2007 through March 2009, during the two year period prior to the filing of the Debtor's Chapter 11 petition the Defendant had exclusive use of a Volvo automobile (the "Volvo") which was leased from USA Bank. The Defendant and/or members of his immediate family used the Volvo personally and not in connection with his employment with the Debtor. The Debtor made payments aggregating $5.931.40 to USA Bank during the period from May 2007 through March 2009. The Debtor received no benefit in consideration for the

aforementioned payments to USA Bank.

## Absence of a Stock Purchase Agreement

26. Prior and subsequent to the Defendant's resignation as an employee and officer of the Debtor, the Debtor and the Defendant engaged in discussion where the Debtor would purchase Defendant's stock in the Debtor as well as his interests in other non-Debtor entities.

27. No agreement between the Debtor (or any of its principals) and the Defendant was reached and no document memorializing any agreement was executed.

28. Upon information and belief, subsequent to his resignation, the Defendant established his own construction business and/or was otherwise employed.

29. None of the Debtor's creditors or interested parties were advised that any agreement between the Debtor and Defendant was reached or otherwise in place.

## Defendant's Allegation of the Existence of An Agreement

30. Defendant has alleged that the payments that are the subject of this complaint were made by the Debtor pursuant to a stock purchase agreement which contained the following principal terms: (i) transfer by Defendant of his stock in the Debtor; (ii) payment by the Debtor to the Defendant over a period of five (5) years guaranteed by the Debtor's principals; (iii) a prohibition against competition by Defendant with respect to existing customers of the Debtor; and (iv) release by the Debtor of the Defendant from any debt.

31. Although the Debtor and the Defendant engaged in generally discussions, no agreement was reached by the parties.

32. No written document was executed by the parties.

33. No notice of any agreement was by provided to the Debtor's creditors.

34. The Defendant was at all relevant times, an "insider" of the Debtor as defined in 11 U.S.C. § 101 and remains an "insider."

**FIRST CLAIM FOR RELIEF**

(The Salary Paid to Defendant Should Be Set Aside under Section 548(a)(1)(B)(i) and (ii)(I))

35. The Plaintiff repeats, reiterates and re-alleges paragraphs "1" through "34" as if fully set forth and at length herein.

36. The Plaintiff received less than a reasonably equivalent value in exchange for the transfers made to the Defendant of salary and out-of-pocket expenses aggregating $357,000.00 following his resignation from the Debtor and within the two year period prior to the Debtor's Chapter 11 filing.

37. The Debtor was insolvent on the dates that the transfers were made.

38. At the time that the transfers were made, the Debtor was engaged in business for which the property remaining with the Debtor was an unreasonably small capital.

39. By reason of the foregoing, the transfers aggregating $357,000.00 should be avoided pursuant to Sections 548(a)(1)(B)(i) and (ii) of the Bankruptcy Code and the Premises should be preserved and recovered for the Plaintiff under Sections 550 and 551 of the Bankruptcy Code.

7

## SECOND CLAIM FOR RELIEF

(The amounts paid on the Defendant's behalf for Vehicles
Should be Set Aside Under Section 548(a)(1)(A) Section 548(a)(1)(B)(i) and (ii))

40. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "39" as if fully set forth and at length herein.

41. The Plaintiff received less than a reasonably equivalent value in exchange for the transfers made of the Defendant's behalf to Lexus Financial Services in the amount of $16,629.00 within the two year period prior to the Debtor's Chapter 11 filing.

42. The Plaintiff received less than a reasonably equivalent value in exchange for the transfers made of the Defendant's behalf to USA Bank in the amount of $5,931.40 within the two year period prior to the Debtor's Chapter 11 filing

43. The Debtor was insolvent on the dates that the transfers were made.

44. At the time that the transfers were made, the Debtor was engaged in business for which the property remaining with the Debtor was an unreasonably small capital.

45. By reason of the foregoing, the transfers aggregating $22,560.40 should be avoided pursuant to Sections 548(a)(1)(B)(i) and (ii) of the Bankruptcy Code and should be preserved and recovered for the Plaintiff under Sections 550 and 551 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

(The Benefits paid on Defendant's behalf Should be Set Aside
Under Section 548(a)(1)(A) Section 548(a)(1)(B)(i) and (ii))

46. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "45" as if fully set forth and at length herein.

47. The Plaintiff received less than a reasonably equivalent value in exchange for the transfers made on the Defendant's behalf to Local 38 in the amount of $37,369.12 and in FICA payments totaling $12,775.50.

48. The Debtor was insolvent on the dates that the transfers were made.

49. At the time that the transfers were made, the Debtor was engaged in business for which the property remaining with the Debtor was an unreasonably small capital.

50. By reason of the foregoing, the transfers aggregating $50,144.62 should be avoided pursuant to Sections 548(a)(1)(B)(i) and (ii) of the Bankruptcy Code and should be preserved and recovered for the Plaintiff under Sections 550 and 551 of the Bankruptcy Code.

## FOURTH CLAIM FOR RELIEF

(The Transfers to Defendant Should Be Set Aside under Section 547(b))

51. The Plaintiff repeats, reiterates and re-alleges paragraphs "1" through "50" as if fully set forth and at length herein.

52. In the event that an agreement between the Debtor and the Defendant is found to exist, the transfers made to the Defendant by the Debtor aggregating $357,000.00 were made for or on account of an antecedent debt owed by the Debtor before the transfers were made.

53. The Debtor was insolvent on the dates that the transfers were made.

54. The Defendant was an insider of the Debtor under 11 U.S.C. § 101(31).

55. The transfers were made within a year of the Debtor's Chapter 11 filing.

56. The transfers enabled the Defendant to receive more than he would have if the case were a case under Chapter 7 of the Bankruptcy Code and he received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

57. By reason of the foregoing, the transfers aggregating $357,000.00 should be avoided pursuant to Sections 547(b) should be preserved and recovered from Defendant for the Plaintiff under Sections 550 and 551 of the Bankruptcy Code.

**FIFTH CLAIM FOR RELIEF**

(The amounts paid on the Defendant's behalf for Vehicles
Should be Set Aside Under Section 547(b) of the Bankruptcy Code)

58. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "57" as if fully set forth and at length herein.

59. In the event that an agreement between the Debtor and the Defendant is found to exist, the transfers made on the Defendant's behalf by the Debtor aggregating $8,736.00 to Lexus Financial Services were made for or on account of an antecedent debt owed by the Debtor before the transfers were made.

60. In the event that an agreement between the Debtor and the Defendant is found to exist, the transfers made on the Defendant's behalf by the Debtor aggregating $5,745.04 to USA Bank were made for or on account of an antecedent debt owed by the Debtor before the transfers were

made.

61. The Debtor was insolvent on the dates that the transfers were made.

62. The Defendant was an insider of the Debtor under 11 U.S.C. § 101(31).

63. The transfers were made within a year of the Debtor's Chapter 11 filing.

64. The transfers enabled the Defendant to receive more than he would have if the case were a case under Chapter 7 of the Bankruptcy Code and he received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

65. By reason of the foregoing, the transfers aggregating $14,481.04 should be avoided pursuant to Sections 547(b) should be recovered from Defendant for the Plaintiff under Sections 550 and 551 of the Bankruptcy Code.

**SIXTH CLAIM FOR RELIEF**

(The Benefits paid on Defendant's behalf
Should be Set Aside Under Section 547(b))

66. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "65" as if fully set forth herein.

67. In the event that an agreement between the Debtor and the Defendant is found to exist, the transfers made on the Defendant's behalf by the Debtor to Local 38 in the amount of $37,369.12 were made for or on account of an antecedent debt owed by the Debtor before the transfers were made.

68. In the event that an agreement between the Debtor and the Defendant is found to exist, the transfers made on the Defendant's behalf by the Debtor as FICA payments totaling

$12,775.50 were made for or on account of an antecedent debt owed by the Debtor before the transfers were made.

69. The Debtor was insolvent on the dates that the transfers were made.

70. The Defendant was an insider of the Debtor under 11 U.S.C. § 101(31).

71. The transfers were made within a year of the Debtor's Chapter 11 filing.

72. The transfers enabled the Defendant to receive more than he would have if the case were a case under Chapter 7 of the Bankruptcy Code and he received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

73. By reason of the foregoing, the transfers aggregating $50,144.62 should be avoided pursuant to Sections 547(b) should be recovered from Defendant for the Plaintiff under Sections 550 and 551 of the Bankruptcy Code.

### **SEVENTH CLAIM FOR RELIEF**

(Avoidance and recovery of fraudulent conveyances under NY Debtor and Creditor Law §§ 273, 278 and or 279 and 11 U.S.C. §§ 544(b), 550, and 551)

74. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "73" as if fully set forth herein.

75. At al times relevant to the transfers to the Defendant in the amount of $357,000.00, and the transfers made on the Defendant's behalf to FICA in the amount of $12,775.50, to Local 38 totaling $37,369.12, and to USA Bank and Lexus Financial totaling $22,560.40 (collectively, the "Transfers"), there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the debtor that were and are allowable under section 502 of the Bankruptcy ode or that were and are not allowable only under 502(e) of the Bankruptcy Code.

12

76. Each of the Transfers constituted a conveyance by the Debtor as defined under NY Debtor and Creditor law ("DCL") section 270.

77. The Defendant did not receive the Transfers in good faith pursuant to DCL section 272 by virtue of the Defendant having been an equity holder of the Debtor while it was insolvent.

78. At the time of the Transfers (i) the Debtor was insolvent or became insolvent as a result of the Transfers; and/or (ii) the Debtor was engaged in or was about to engage in a business transaction or transaction for which the property remaining in its hands after each of the Transfers was an unreasonably small capital and/or (iii) the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

79. By reason of the foregoing, the Transfers aggregating $429,705.02 should be avoided pursuant to Sections 547(b) should be recovered from Defendant for the Plaintiff under DCL §§ 273, 278 and/or 279 Sections 544, 550 and 551 of the Bankruptcy Code.

**EIGHTH CLAIM FOR RELIEF**

(The Court should Declare Any Buy Out Agreement Invalid Under the Statute of Frauds)

80. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "79" as if fully set forth herein.

81. In the event that an agreement between the Debtor and the Defendant is found to exist, such agreement should be declared invalid under§ 5-701 of NY General Obligations Law which requires certain agreements to be in writing.

82. By its terms, the purported stock purchase agreement is not to be performed

within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

83. As such, any such agreement is void because it is not in writing, and subscribed by the party to be charged therewith.

84. By reason of the foregoing, the purported agreement should be invalidated as a matter of law and amounts paid should be recovered from the Defendant under 11 U.S.C. §§ 544, 541, 550 and 551 and applicable sections of NY Law.

### NINTH CLAIM FOR RELIEF

(The Court should Declare Any Buy Out Agreement Invalid Under the NY BCL)

85. The Plaintiff repeats, reiterates and realleges paragraphs "1" through "84" as if fully set forth herein.

86 In the event that an agreement between the Debtor and the Defendant is found to exist, such agreement should be declared invalid and/or unenforceable under §§ 513(a) and 514(a) of NY Business Corporation Law which prohibits a corporation from purchasing shares or offering consideration for shares if the corporation is then insolvent or would thereby be made insolvent.

87. The Debtor was insolvent at the time that any agreement was made and at the time that the Transfers were made or was rendered insolvent by the Transfers.

88. By reason of the foregoing, the purported agreement should be invalidated as a matter of law and amounts paid should be recovered from the Defendant under 11 U.S.C. §§ 544, 541, 550 and 551 and applicable sections of NY Law.

**WHEREFORE,** it is respectfully requested that judgment be entered against the Defendant:

(I) avoiding the transfers made to the Defendant for salary and out-of-pocket benefits totaling $357,000.00;

(II) avoiding the transfers made for the Defendant's benefit to FICA totaling $12,775.50;

(III) avoiding the transfers made for the Defendant's benefit and/or on the Defendant's behalf to Local 38 totaling $37,369.12;

(IV) avoiding the transfers made for the Defendant's benefit and/or on the Defendant's behalf to USA Bank and Lexus Financial totaling $22,560.40;

(V) Nullifying any purported agreement between the Debtor and Defendant;

(VI) granting the Plaintiff interest from the date each of the transfers;

(VII) granting the Plaintiff reasonable legal fees and costs in connection with this action; and

(VIII) for such other and further relief as it deems just, proper and equitable.

Dated: White Plains, New York
     April 5, 2011

                                      **PENACHIO MALARA LLP**
                                      **Anne Penachio**

                    **By:** _____

                                      **Anne Penachio**
                                      **Counsel to the Debtor**
                                      **235 Main Street - Suite 235**
                                      **White Plains, NY 10601**
                                      **(914) 946-2889**