UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

In re:

RICHARDS CONDITIONING CORP.,
*Debtor.*

CHAPTER 11

CASE NO.: 10-22507(RDD)

RICHARDS CONDITIONING CORP.,
*Plaintiff,*

v.

LAWRENCE P. HOPWOOD,
*Defendant.*

Adv. Pro No.: 10-08408(RDD)

**ANSWER AND COUNTERCLAIM**

## ANSWER TO AMENDED COMPLAINT

LAWRENCE P. HOPWOOD, by and through his attorney, Kevin G. Roe, answering the Amended Complaint herein, alleges as follows:

1. Denies knowledge or information thereof as to the truth or falsity of the allegations in paragraphs "1." through "6."; "10."; "11."; "12."; "15."; "16." through "21."; "23." through "26."; "29."; "32."; "33."; "35."; "37."; "38."; "40."; "43."; "44."; "46."; "48."; "49."; "51."; "53."; "55."; "58."; "61."; "63."; "66."; "69."; "71."; "74."; "75."; "78."; "80."; "85."; inclusive; of the Complaint.

2. Defendant admits the allegations contained in paragraphs "7."; "9."; "13."; "28"; "30.";

3. Denies each and every allegation in paragraphs "8."; "14."; "22."; "27"; "31."; "34."; "36."; "39."; "41."; "42."; "45."; "47."; "50."; "52."; "54."; "56."; "57."; "59."; "60."; "62.";

"64."; "65."; "67."; "68."; "70."; "72."; "73."; "76."; "77."; "79."; "81." through "84."; "86."; "87."; "88."; inclusive, of the Complaint.

## AS A COUNTERCLAIM

4. Defendant, Lawrence Hopwood, by way of counterclaim against plaintiff hereby alleges that at all times hereinafter mentioned, Plaintiff was, and upon information and belief, still is, a domestic corporation with its principal office and place of business at 70-80 Marbledale Road, Tuckahoe, New York and is engaged in the business of general installation and service work.

5. Defendant, Lawrence P. Hopwood, had been employed by the plaintiff from 1977 through March 2008, in various capacities in the course of its business of mechanical contracting, specializing in the installation of Heating, Ventilating and Air Conditioning systems. ("HVAC").

6. After a series of business disagreements and impasses, defendant offered to buy out his brothers' interest in the Debtor, in or around March 2008, which offer was rejected, but met with a counter-offer from his brothers to buy out his interests, which was eventually accepted.

7. The agreement between the parties was detailed in a series of emails which specifically referenced the buyout agreement, which were directed to and between counsel for the respective parties and called for relinquishment of all of defendant's ownership interest in Debtor, as compared to any severance package with retention of an ownership interest.

8. Defendant thereafter relinquished all ownership and control of the Debtor and was paid pursuant to a schedule agreed to and performed by his brothers, Martin Hopwood Jr. and Richard Hopwood, who retained ownership and control of Debtor. After March 2008, defendant

was no longer an "insider" whereby any payments made to him were subject to avoidance and reimbursement to the Debtor.

9. By virtue of the agreement aforesaid, negotiated in good faith, and at arm's length, defendant is entitled to specific performance thereof, as same was supported by good and valuable consideration on his part, through the relinquishment of his ownership interest in the Debtor, and his forbearance and agreement not to compete or solicit work of any customers of Debtor, and is entitled to all payments reserved thereunder.

WHEREFORE, Defendant prays for damages on this counterclaim against Plaintiff for all sums determined to be due and owing by virtue of the buyout of his interests in the Debtor, for costs, interest and reasonable attorneys fees, together with such other, further or different relief as the Court shall find is just and proper.

Dated: April 25, 2011
Hackensack, New Jersey

By: _____
Kevin G. Roe
Attorney for Lawrence P. Hopwood
425 Summit Avenue
Hackensack, New Jersey 07601
(201) 489-6777