UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

In re:

RICHARDS CONDITIONING CORP.,
*Debtor.*

CHAPTER 11

CASE NO.: 10-22507(RDD)

RICHARDS CONDITIONING CORP.,
*Plaintiff,*

v.

LAWRENCE P. HOPWOOD,
*Defendant.*

Adv. Pro No.: 10-08408(RDD)

## ORDER TO SHOW CAUSE

Upon the annexed declarations of Lawrence P. Hopwood and Kevin G. Roe, dated May 20, 2011, and the annexed exhibits including the transcript of the hearing held on March 31, 2011 before this Court, and on all previous proceedings in this matter, let the plaintiff, Richards Conditioning Corp., show cause, if any it has, before the undersigned on _____, at _____, __.m., or as soon thereafter as counsel can be heard, why a rule or order should not be made and entered permitting Lawrence P. Hopwood to sell his marital home located at 47 Sturgis Road, Bronxville, New York, 10708, and to cancel the *lis pendens* on the grounds that a *lis pendens* is improper and unavailable to Plaintiff because the relief sought in the Complaint does not affect the title to, or possession, use or enjoyment of the real property and the sale of the marital home located at 47 Sturgis Road, Bronxville, New York 10708 does not constitute a transfer of assets outside the ordinary course;

Sufficient cause appearing therefore, let service of a copy of this Order, the declaration in support, and all other papers upon which this order is granted, upon all other parties to this action or their attorneys, who have appeared in this action, on or before the _____ day of _____ 2011 be deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on the return date directed in the second paragraph of this Order.

_____
HON.                          U.S.D.J.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| In re:<br><br>**RICHARDS CONDITIONING CORP.,**<br>*Debtor.* | CHAPTER 11<br><br>CASE NO.: 10-22507(RDD) |
| **RICHARDS CONDITIONING CORP.,**<br>*Plaintiff,*<br><br>v.<br><br>**LAWRENCE P. HOPWOOD,**<br>*Defendant.* | Adv. Pro No.: 10-08408(RDD) |

## DECLARATION OF LAWRENCE P. HOPWOOD

**LAWRENCE P. HOPWOOD** declares and states:

1. I am the defendant in the above matter and make this Declaration in support of the annexed Order to Show Cause for the reasons more particularly set forth below. I have personal knowledge of the facts alleged herein.

2. Plaintiff, Richards Conditioning Corp., has filed for protection under Chapter 11 of the United States Bankruptcy Code, under case number 09-22525 (RDD) in the United States Bankruptcy Court, Southern District of New York, White Plains Division and has commenced therein an adversary proceeding against me, seeking to recoup monies paid in connection with a buyout agreement. The issue in this matter has been joined by the recent filing of an Amended Complaint and Answer thereto and was scheduled for a conference before Your Honor on May 20, 2011. The action commenced by Plaintiff is wholly unrelated to any interests in the premises

against which the *lis pendens* has been filed, and does not represent a claim for mortgage money lent, home equity or improvement loan, any valid or enforceable mechanic's lien and otherwise constitutes a slander of title against my marital premises which is jointly owned as tenants by entirety with my non-judgment debtor wife. The *lis pendens* has been filed in bad faith by counsel for the plaintiff following a failed attempt to prevent me from selling my home during the vacation of the default hearing on March 31, 2011 before Your Honor. Plaintiff is aware that I have entered into a contract for the sale of the premises and the purchase of a new residence and that the filing of the *lis pendens* will prevent me from conveying title to its contract purchasers and concerning which closing a time of the essence notice has been served fixing June 1, 2011, as the date for closing. Annexed hereto are copies of the relevant portions of the transcript of the default hearing and the time of the essence letter dated April 15, 2011.

3. A *lis pendens* is unavailable because none of the causes of action in the Amended Complaints can result in relief that will affect the title to, or the possession, use or enjoyment of the real property, a prerequisite to its application. Moreover, plaintiff unsuccessfully sought an Order from Your Honor seeking restraints against the transfer of my interest in the subject premises. Specifically, Your Honor ruled, "I am concerned particularly since this was the subject of some colloquy at the November 23 hearing that a delay of resolution of this adversary proceeding may result in the Debtor's estate being prejudiced by the Defendant essentially rendering himself judgment-proof. That I believe that concern, however, can be dealt with by requiring and conditioning the – setting aside of the entry of default by requiring the Defendant to report to counsel for the Plaintiff/Debtor two weeks in advance any transfer of his assets out of the ordinary course, and the imposition of any lien or attachment on his property by a creditor." T24-21 – T25-6 attached as Exhibit A. Furthermore, Your Honor said, "I think the Debtor has

some ability to either file a *lis pendens* or give notice to a prospective transferee so that that transferee would not be a BFP. It sounds to me that that's not necessary with regard to the pending house sale that was the subject of the motion for a prejudgment attachment given the representations that Mr. Hopwood has made; that the proceeds of that sale are merely going into another house without layering up that new house with significant additional debt." T25-11 to T25-19.

4. Despite the clear language of the Court referenced above, the Plaintiff now seeks to prevent the sale of my marital home and purchase of a new home. I have not disobeyed Your Honor's order and have given notice of the sale of my home. In fact, counsel for the Plaintiff is in regular contact with the buyer of my home. Your Honor did not rule that I am unable to sell my home, but simply that notice be given and that the assets be applied towards the purchase of my new home.

5. Given the absence of any cognizable right on the part of Plaintiff to assert such lien unrelated to the property itself, and before any judgment in its favor has been entered, continuation of the *lis pendens* amounts to an unlawful pre-judgment writ of attachment. It is apparent that Plaintiff is not prosecuting this action in good faith, but merely to create an unwarranted encumbrance on my home. I have owned the property together with my wife for the past 21 years and it was not acquired with any monies alleged to be due and owing to Plaintiff. Accordingly, I request that Your Honor enter and Order vacating and cancelling the *lis pendens* filed on the subject property.

6. I have not had a previous Order to Show Cause regarding this case.

7. I have read the above statement and it is true and accurate to the best of my knowledge and recollection.

Dated:   May 20, 2011

_____
LAWRENCE P. HOPWOOD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| In re:<br><br>**RICHARDS CONDITIONING CORP.,**<br>*Debtor.* | CHAPTER 11<br><br>CASE NO.: 10-22507(RDD) |
| **RICHARDS CONDITIONING CORP.,**<br>*Plaintiff,*<br><br>v.<br><br>**LAWRENCE P. HOPWOOD,**<br>*Defendant.* | Adv. Pro No.: 10-08408(RDD) |

## **DECLARATION OF KEVIN G. ROE**

KEVIN G. ROE, an attorney duly admitted to practice in this Court, declares and states as follows:

1. I make this declaration in support of this motion by order to show cause filed May 20, 2011 for a vacation of the *lis pendens* filed against the property commonly known as 47 Sturgis Road, Bronxville, New York, 10708 and for such other relief that the Court deems just and proper.

2. I am familiar with the facts and circumstances of this proceeding. The facts are set forth in greater detail in the Declaration of Lawrence P. Hopwood and the pleadings previously filed.

3. The Plaintiff has filed for protection under Chapter 11 of the United States Bankruptcy Code, under case number 09-22525 (RDD) in the United States Bankruptcy Court, Southern District of New York, White Plains Division and has commenced therein an adversary

proceeding against Defendant, seeking to recoup monies paid in connection with a buyout agreement. The issue in this matter has been joined by the recent filing of an Amended Complaint and Answer thereto and is currently scheduled for a conference before the Honorable Robert D. Drain, U.S.D.J., on May 20, 2011 at 10:00 a.m. The action commenced by Plaintiff is wholly unrelated to any interests in the premises against which the *lis pendens* has been filed, and does not represent a claim for mortgage money lent, home equity or improvement loan, or any valid or enforceable mechanic's lien. The subject property, 47 Sturgis Road, Bronxville, New York, 10708, is the marital residence of Defendant, jointly owned as tenants by entirety with his wife. Defendant has owned the property for the past 21 years and was not acquired with any monies alleged to be due and owing to plaintiff.

4. Under New York case law, the notice of pendency is described as an "extraordinary privilege" because of the ease with which it can be used and "the powerful effect" it has on the alienability of property without any prior judicial review. *In re Sakow*, 97 N.Y.2d at 441, 741 N.Y.S.2d at 179, 767 N.E.2d at 670. Thus, "to counterbalance the ease with which a party may hinder another's right to transfer property," the Court has insisted upon strict compliance with the procedural requirements of CPLR Article 65 (see, e.g., Practice Commentaries on CPLR 6512 & 6513) and has narrowly interpreted the type of action in which a notice of pendency may be used. *Realty Corp. v. O & Y Equity Corp.*, 1984, 64 N.Y.2d 313, 320-21, 486 N.Y.S.2d 877, 882, 476 N.E.2d 276, 281. CPLR 6501 specifies that the action must be one in which the judgment "would affect the title to, or the possession, use or enjoyment of, real property." *See also e.g. CPLR 6501; Weiss v. Alard, LLC, 150 F.Supp.2d 577, 579 n. 1 (S.D.N.Y. 2001).*

5. A notice of pendency is limited to cases in which the plaintiff claims an interest in the defendant's land. Actions seeking solely money damages do not fall within the scope of CPLR

6501. *5303 Realty Corp. v. O & Y Equity Corp.*, supra, 64 N.Y.2d at 321-22, 486 N.Y.S.2d at 882-83, 476 N.E.2d at 281-82; *Khani v. Sheldon*, 2008, 55 A.D.3d 684, 867 N.Y.S.2d 460 (2d Dep't). Neither do actions asserting an interest in personal property, in contrast to real property. See, e.g., *Savasta v. Duffy*, 1999, 257 A.D.2d 435, 683 N.Y.S.2d 511 (1st Dep't) (in action arising from dispute over shares in cooperative apartment, filing of notice of pendency was improper because such shares constitute personal property).

6. The claims in the adversary proceeding in no way involve the subject premises for which a *lis pendens* may rightfully be asserted and filed, and for which the bankruptcy court already correctly refused plaintiff's request to restrain transfer of title. The plaintiff has acted in bad faith in filing the Notice of Pendency which now amounts to an unwarranted encumbrance on defendant's home especially considering Judge Drain's ruling that it would be unnecessary to attach a *lis pendens* to the marital home of Mr. Hopwood because the funds would be used for the purchase of a new home. In fact, during the hearing conducted on March 31, 2011, Judge Drain carefully examined Lawrence Hopwood to determine what would become of the assets derived from the sale of the home. After learning that the assets from the sale of defendant's home would be used to purchase another home in Westchester County and that the assets would not be dissipated, Judge Drain denied Plaintiff's request to stay the sale of the real property commonly known as 47 Sturgis Road, Bronxville, New York 10708, the marital residence of defendant and his wife for the past twenty one years. Annexed hereto is a copy of the transcript of the default hearing.

7. Despite the clear language contained in the transcript of the hearing by Judge Drain to allow the sale of the marital home and that it would be unnecessary to encumber the defendant's marital home because the assets would not be depleted, but rather applied towards the purchase

of a new marital home, the Plaintiff is improperly restricting the sale of defendant's home. As a result, the Plaintiff has violated Judge Drain's order and defendant is now prevented from closing on his home, which is scheduled for June 1, 2011. Attached as an exhibit is a time of the essence letter from the buyer of the property.

8. Accordingly, request is respectfully made that this Court enter an Order requiring plaintiff to show cause why an Order should not be entered cancelling and discharging the Notice of Pendency filed against 47 Sturgis Road, Bronxville, New York, 10708 and for costs.

9. I declare that defendant has not previously requested the relief sought by this order to show cause.

**WHEREFORE**, it is respectfully submitted that the Court grant the relief requested herein all respects, together with costs and expenses occasioned by the filing and cancellation, in addition to such other and further relief as this Court deems just and proper.

Dated: May 20, 2011
Hackensack, New Jersey

Kevin G. Roe
Attorney for Defendant, Lawrence P. Hopwood
425 Summit Avenue
Hackensack, New Jersey 07601
*Ph.* (201) 489-6777
*Fax* (201) 489-5914